IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD D. SBARRA REVOCABLE TRUST UAD 11/23/1998, DONALD D. SBARRA TTEE; WILLARD LEE FRICKEY TTE U/A DTD 9/8/99; ROBERT E. SCHMIDT; DAVID R. NORCOM; TIM. L. WERTH; ANTHONY A. SCHMIDT; LORETTA SCHMIDT; DANIEL CARNEY; GAYLA W. CARNEY; BKF INVESTMENTS; KEN BRAUN FAMILY, LLC; JEFF COPPER, INC.; ROBERT DWERLKOTTE; SATELLITE RADIO MANAGEMENT, INC.; ALAN MOSKOWITZ; ATK INVESTMENTS, LLC; ICT EXPLORATION, LLC; BRUCE PRINGLE TTEE JOINT REV TRUST UTA 7-25-11; SHELLEY PRINGLE; SIEBER RESOURCES, LLC; PAGE FAMILY TRUST, ROBERT W. PAGE AND KAY PAGE, CO-TTEES; EDWARD C. RITCHIE,<br>Plaintiffs,<br><br>vs.<br><br>HORIZONTAL EXPLORATION, LLC; MARK A. THOMPSON, MARCELLX LLC, DAVID M. PRUSHNOK, G. DANIEL PRUSHNOK, JOHN P. PRUSHNOK, BRADLEY A. BROTHERS,<br><br>Defendants | Civil Action No. 14-866<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 119 |

| | |
|---|---|
| MARCELLX LLC, | ) |
| DAVID M. PRUSHNOK, G. DANIEL | ) |
| PRUSHNOK, JOHN P. PRUSHNOK, | ) |
| | ) |
| Third Party Plaintiffs | ) |
| | ) |
| vs. | ) |
| | ) |
| DONALD D. SBARRA, | ) |
| SWAMP ANGEL ENERGY, LLC | ) |
| | ) |
| Third Party Defendants | ) |

# OPINION

**KELLY, Chief Magistrate Judge**

Pending before the Court is a Motion to Dismiss Amended Counterclaims and Third-Party Complaint filed by Swamp Angel Energy, LLC ("SAE"), Donald D. Sbarra ("Sbarra"), Daniel Carney ("Carney"), Robert E. Schmidt ("Schmidt") and the Donald D. Sbarra Revocable Trust UAD 11/23/1998 ("the Sbarra Trust")(collectively, "the Swamp Angel Parties"). ECF No. 119.

For the following reasons, the Motion to Dismiss will be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

The relevant procedural history of this case is as follows. In the operative Amended Complaint, Plaintiffs, a group of 22 individuals, family trusts and businesses, raised fourteen claims arising out their investment in an oil and gas well drilling venture in Western Pennsylvania on a 2900-acre parcel of land known as the Swamp Angel property. ECF No. 56.

Motions to Dismiss the Amended Complaint were filed by: (1) Defendants Bradley A. Brothers ("Brothers"), Horizontal Exploration, LLC ("Horizontal") and Mark A. Thompson

("Thompson") (collectively, "the Horizontal Defendants"), ECF No. 65; and (2) Defendants MarcellX, LLC, David M. Prushnok, G. Daniel Prushnok and John P. Prushnok (collectively, "the Prushnok Defendants"), ECF No. 68. On June 15, 2016, this Court denied these Motions to Dismiss. ECF No. 77.

On July 29, 2016, the Horizontal Defendants filed an Answer to Amended Complaint, Affirmative Defenses and Crossclaim. ECF No. 89. Also on July 29, 2016, the Prushnok Defendants filed an Answer, Affirmative Defenses, Crossclaims, Counterclaims and Third-Party Complaint. ECF No. 90. On August 9, 2016, the Prushnok Defendants filed an Answer and Affirmative Defenses to the Horizontal Defendants' Crossclaim. ECF No. 94. On September 6, 2016, the Horizontal Defendants filed an Answer to the Prushnok Defendants' Crossclaims. ECF No. 103. On November 21, 2016, the Prushnok Defendants filed Amended Counterclaims and Third-Party Complaint, incorporating, the Answer, Affirmative Defenses and Crossclaims from ECF No. 90. ECF No. 117.

On December 7, 2016, the Swamp Angel Parties filed the instant Motion to Dismiss and a Brief in Support thereof. ECF Nos. 119-120. On December 19, 2016, the Horizontal Defendants filed a Joinder in Motion to Dismiss Amended Counterclaims. ECF No. 122. On January 10, 2017, the Prushnok Defendants filed a Brief in Opposition to the Motion to Dismiss. ECF No. 126. On January 24, 2017, the Swamp Angel Parties filed a Reply Brief. ECF No. 127. The Motion to Dismiss is now ripe for consideration.

    **B.**    **Amended Counterclaims and Third-Party Complaint**

In their Amended Counterclaims and Third-Party Complaint, the Prushnok Defendants characterize this case as "a matter of Thompson and Sbarra inducing the Prushnoks (and other

3

Fund I[1] investors) to invest and then failing to follow through with their own promised contributions," ECF No. 117 ¶ 4. The Prushnok Defendants make the following allegations.

Prior to the dealings in this case, Sbarra, Carney and Schmidt, in their capacity as principals of SAE, owned the lease of shallow and deep mineral rights on the Swamp Angel property. ECF No. 90 ¶ 251. Sbarra, Carney and Schmidt represented to the Prushnoks "on numerous occasions" that they, through SAE, would collectively invest $1,000,000 in the development of the Swamp Angel property if the Prushnoks would agree to use MarcellX to acquire the shallow mineral rights. ECF No. 117 ¶ 6.

On or about June 4, 2012, shortly before the MarcellX acquired the shallow mineral rights from SAE, a conference call took place. Id. ¶¶ 9-10. Attorney Kevin Gormly set up the call. Id. ¶ 10. In Gormly's office for the call were David Prushnok, G. Daniel Prushnok, Thompson, Brothers, Jared Brody and Gormly. Id. ¶ 11. On the call but not in Gormly's office was Sbarra and Sbarra's lawyer, Matthew Wolford. Id. During the call, David Prushnok asked Sbarra to confirm that, as part of the deal whereby MarcellX would acquire the shallow mineral rights from SAE, Sbarra and the other SAE principals would commit to investing $1,000,000 in the new partnership for the development of the property. Id. ¶ 12. Sbarra confirmed David Prushnok's understanding. Id. ¶ 13. Sbarra's representations were "authorized and/or ratified" by Carney and Schmidt. Id. ¶ 14. The Prushnok Defendants relied on this repeated representation in entering into the agreement to acquire the shallow mineral rights, as Sbarra, Carney, Schmidt and SAE intended. Id. ¶¶ 16-18.

Sbarra, Carney, Schmidt and SAE never intended to invest the promised $1,000,000, and, in fact, invested only $375,000. Id. ¶¶ 19, 22. Fund I, under the control of the Horizontal Defendants, accepted the lesser investment because of a conspiracy between the Horizontal

---

[1] Fund I was a limited partnership formed for the development of the Swamp Angel property. ECF No. 117 ¶ 7.

Defendants and Sbarra, Carney, Schmidt and SAE. Id. ¶ 20. The development of the Swamp Angel property failed. Id. ¶ 21. A major factor in that failure was the failure to Sbarra, Carney, Schmidt and SAE to make the promised investment. Id. As a result of the development's failure, the Prushnok Defendants were deprived of the benefit of their bargain in acquiring the shallow mineral rights thereto. Id.

Sbarra and Thompson failed to disclose to Fund I investors their history of business dealings. Id. ¶¶ 24-28. Thompson later concealed and misrepresented facts concerning the Fund I books. Id. ¶¶ 29-31.

The Amended Counterclaims and Third-Party Complaint contains four counts: (1) Count I for breach of contract against Sbarra, Carney, Schmidt, SAE and the Sbarra Trust; (2) Count II for unjust enrichment against Sbarra, Carney, Schmidt and SAE; (3) Count III for fraudulent inducement against Sbarra, Carney, Schmidt, SAE and the Sbarra Trust; and (4) Count IV for civil conspiracy against Sbarra, Carney, Schmidt, SAE, the Sbarra Trust and the Horizontal Defendants. ECF No. 117 at 7-12.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Retirement System v. The Chubb Corp., 39 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906

(3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim"). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

### III. DISCUSSION

#### A. Count I: Breach of Contract

The Swamp Angel Parties argue that the Prushnok Defendants have failed to state a claim for breach of contract in Count I.

6

1. **Lack of essential terms of an agreement**

The Swamp Angel Parties first assert that the Prushnok Defendants have failed to allege the essential terms of an agreement. ECF No. 120 at 8-14.

To succeed on a breach of contract claim under Pennsylvania law, a plaintiff must prove: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. Hearbest, Inc. v. Adecco USA, Civ. A. No. 13-1026, 2014 U.S. Dist. LEXIS 173338, *11 (W.D. Pa. Dec. 14, 2014) (citing McShea v. City of Philadelphia, 995 A.2d 334, 340 (Pa. 2010)). "A contract is enforceable when the parties reach mutual agreement, exchange consideration, and have set forth the terms of their bargain with sufficient clarity." Id. at *11-12 (citing Great N. Ins. Co. v. ADT Sec. Servs., Inc., 517 F. Supp. 2d 723, 736 (W.D. Pa. 2007)). "It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration or mutual meeting of the minds." Schreiber v. Olan Mills, 658 A.2d 380, 383 (Pa. Super. Ct. 1995). "[T]ime or manner of performance, and price or consideration are essential terms of an alleged bargain, and must be supplied with sufficient definiteness for a contract to be enforceable." Great N. Ins. Co., 517 F. Supp. 2d at 736; Lombardo v. Gasparini Excavating Co., 123 A.2d 663, 666 (Pa. 1956).

The Swamp Angel Parties assert that the Prushnok Defendants have failed to identify the parties to the alleged contract, the amount that each of the Swamp Angel Parties was to invest or a definite promise capable of enforcement.

    **a. Parties**

The Swamp Angel Parties point out that the Prushnok Defendants consist of four separate parties: MarcellX, LLC, David M. Prushnok, G. Daniel Prushnok and John P. Prushnok (and possibly Fund I for purposes of this claim), and that the Swamp Angel Parties

consist of five separate parties: SAE, Sbarra, Carney, Schmidt and the Sbarra Trust, and that the parties to the alleged agreement are unclear. Indeed, the relevant allegations are inconsistent. Further, the Prushnok Defendants do not respond to this argument in their Brief in Opposition to the Motion to Dismiss and thus have not clarified their position.

Nonetheless, a review of the relevant allegations in the Prushnok Defendants' Amended Counterclaims and Third-Party Complaint reveals that the agreement was alleged to be as follows:

> . . . Sbarra, Daniel Carney ("Carney"), and Robert Schmidt ("Schmidt") represented on numerous occasions to the Prushnoks and others that they - through their entity SAE - would collectively invest $1,000,000 in the development of the Swamp Angel property if the Prushnoks would agree to use MarcellX to acquire the shallow mineral rights.

ECF No. 117 ¶ 6.

From this allegation, the substance of which is repeated in multiple allegations (*e.g.*, "Sbarra, Carney, and Schmidt - on behalf of SAE - entered into an oral agreement …." id. ¶ 29), it is clear that the alleged agreement was between the Prushnoks and SAE. Sbarra, the Sbarra Trust, Carney and Schmidt were not parties thereto. Accordingly, the Motion to Dismiss is granted as to Count I as to Sbarra, the Sbarra Trust, Carney and Schmidt. Further, it appears that the other parties to the agreement were the Prushnoks. Thus, to the extent that Count I is brought on behalf of MarcellX, it is dismissed as well.

### b. Investment amount

The Swamp Angel Parties next argue that the Prushnok Defendants failed to allege the amount that each of the Swamp Angel Parties were to invest. ECF No. 120 at 12. Because, as stated above, the Court has determined that SAE was the only Swamp Angel Party to the alleged agreement, the Court need not address this argument as to the other Swamp Angel Parties.

8

However, as to SAE, the Prushnok Defendants have alleged an investment amount of $1,000,000. As such, the Motion to Dismiss on this basis is denied as to SAE.

### c. Definite promise capable of enforcement

Next, the Swamp Angel Parties argue that the Prushnok Defendants fails to allege a definite promise that is capable of enforcement. Id. The Swamp Angel Parties assert that a promise to invest, without more specifics, represents an unenforceable agreement to agree, and, in this case, an agreement to agree with a third party. Id.

At this early stage of the litigation, the Prushnok Defendants' allegations are sufficient as to SAE. As such, the Motion to Dismiss as to SAE on this basis is denied.

### 2. Statute of Frauds

The Swamp Angel Parties next argue that the statute of frauds bars Count I because it is based on an oral contract which "involved" the acquisition of an interest in an oil and gas estate. ECF No. 120 at 14-15. Pennsylvania's statute of frauds, the Swamp Angel Parties explain, "requires that a contract to convey an interest in real property be evidenced by a written document …." Id. at 14.

The Prushnok Defendants do not respond to this argument in their Brief in Opposition to the Motion to Dismiss and thus have not clarified their position. However, it is clear to the Court that although the alleged agreement "involves" the conveyance of an interest in an oil and gas estate, it is not an agreement to convey an interest in an oil and gas estate. Accordingly, the Swamp Angel Parties' argument is misplaced and the Motion to Dismiss on this basis is denied.

### 3. Parol Evidence Rule

The Swamp Angel Parties additionally assert that Count I fails because the parol evidence rule precludes a claim based upon negotiations that contradict terms that the parties

9

included in a written agreement. Id. at 15-18. The Swamp Angel Parties cite to multiple written agreements to support their premise: (1) Subscription Agreements between Fund I and Sbarra, Carney and Schmidt, id. at 3, 16; and (2) an agreement between Horizontal and MarcellX whereby Horizontal assigned its interests in a prior Purchase and Sale Agreement, id. at 18; ECF No. 119-1 at 2.

The Pennsylvania Supreme Court has explained the parol evidence rule as follows:

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.
>
> Therefore, for the parol evidence rule to apply, there must be a writing that represents the "entire contract between the parties." To determine whether or not a writing is the parties' entire contract, the writing must be looked at and "if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties . . . ." An integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution.
>
> Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract. One exception to this general rule is that parol evidence may be introduced to vary a writing meant to be the parties' entire contract where a party avers that a term was omitted from the contract because of fraud, accident, or mistake.

Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 436 (Pa. 2004) (citations omitted).

As the Prushnok Defendants point out, ECF No. 126 at 10, they were not parties to the Subscription Agreements. Further, they were not parties to the assignment agreement. For that matter, it is not clear if SAE was a party to any of these agreements. In any event, these agreements were not between SAE and the Prushnoks, the parties to the alleged oral agreement. and thus the parol evidence rule does not apply. Accordingly, the Motion to Dismiss Count I on this basis is denied.

B. **Count II: Unjust Enrichment**

In parts of their arguments as to Count I, the Swamp Angel Parties assert that, based on the same rationales, Count II should be dismissed as well. Specifically, as to the arguments that Count I fails to state a claim where no definite promise capable of enforcement is alleged, ECF No. 120 at 13, and that the claim is barred the statute of frauds, id. at 14 n. 8, 15 n. 9, the Swamp Angel Parties seek dismissal of Count II as well. These arguments were not successful as to Count I. Accordingly, the Motion to Dismiss on these bases is denied as well.

C. **Counts III and IV: Fraudulent Inducement and Civil Conspiracy**

The Swamp Angel Parties next argue that the Prushnok Defendants have failed to state a claim for the tort claims in Counts III (fraudulent inducement) and IV (civil conspiracy).[2]

1. **Lack of particularity**

The Swamp Angel Parties assert that the tort claims, based on allegations of fraud, are insufficiently specific. ECF No. 120 at 20-21. Part of the basis for this argument has been obviated by the Court's determination that the alleged agreement at issue was between the Prushnoks and SAE. Thus, insofar as the Swamp Angel Parties argue that there are insufficient allegations as to the specifics of the obligations of "each Swamp Angel Party" to the agreement,

---

[2] The Horizontal Defendants join in and adopt the Swamp Angel Parties' Motion to Dismiss and Brief in Support thereof with respect to Count IV. ECF No. 122.

that argument is effectively mooted. As to the remainder of the challenges to the specificity of the terms of the agreement, at this stage of the litigation, the Court finds that the Prushnok Defendants' allegations are sufficient to defeat the Swamp Angel Parties' challenge to this claim. Accordingly, the Motion to Dismiss Counts III and IV on this basis is denied.

### 2. Parol evidence rule

The Swamp Angel Parties further assert, as they did in regards to Count I, that the parol evidence rule precludes the Prushnok Defendants from contradicting the terms of the Subscription Agreements. ECF No. 120 at 21-22.

As the Court found in regards to Count I, the Prushnok Defendants were not parties to the Subscription Agreements. Further, it is not clear if SAE was a party to those agreements. Thus, as the Court found above, the parol evidence rule does not apply. Accordingly, the Motion to Dismiss Counts III and IV on this basis is denied.

### 3. Inadequate damages

Finally, the Swamp Angel Parties argue that the Prushnok Defendants fail to allege any out-of-pocket damages. ECF No. 120 at 23-25. This claim is without basis. *Inter alia*, the Prushnok Defendants claim that they spent $2.1 million acquiring the shallow mineral rights in question. ECF No. 90 ¶¶ 254-257. Although the Swamp Angel Parties deny that the Prushnok Defendants suffered any loss of that money, ECF No. 127 at 6, at this stage of the proceedings, such a finding would be premature. The Prushnok Defendants have alleged adequate damages. The Motion to Dismiss on this basis is denied.

**ORDER**

AND NOW, this 17th day of April, 2017, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Swamp Angel Energy, LLC, Donald D. Sbarra, Daniel Carney, Robert E. Schmidt and the Donald D. Sbarra Revocable Trust UAD 11/23/1998, ECF No. 119, joined in relevant part by Mark A. Thompson, Bradley Brothers and Horizontal Exploration, LLC, ECF No. 122, is granted as to Count I against Sbarra, Carney, Schmidt and the Sbarra Trust and insofar as it Count I relates to MarcellX. The Motion to Dismiss as to Count I is denied as to SAE. As to Counts II, III and IV, the Motion to Dismiss is denied.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF